UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MIGUEL M. GARCIA-MARTINEZ, A46-546-950,

        Petitioner,

        -v-                                      13-CV-838-JTC
                                                          **ORDER**

ERIC H. HOLDER, Attorney General
of the United States, et al.,

        Respondents.

---

Petitioner, Miguel M. Garcia-Martinez, A46-546-950, filed a petition for habeas corpus relief, pursuant to 28 U.S.C. § 2241, challenging his continued administrative detention in the custody of the Department of Homeland Security/Immigration and Customs Enforcement ("DHS/ICE") pending removal. Dkt. #1.[1] Respondents have filed a motion to dismiss the petition as moot inasmuch as petitioner's removal was effected by DHS/ICE on or about November 19, 2013. Dkt. #6 (Affidavit of Gail Y. Mitchell, Esq.), ¶¶ 2-8. Respondents' counsel has submitted a copy of the Warrant of Removal/Deportation verifying the petitioner's removal. *Id.*, Exh. A.

---

[1] Because petitioner could not and did not challenge his final order of removal in this Court, a stay of removal was not entered. *See, e.g., Sikder v. Gonzalez*, 2006 WL 1149153, at *5 (D. Col. April 28, 2006) ("Nevertheless, pursuant to the [REAL ID] Act, this court is without jurisdiction to hear the petitioner's claims or to grant him the relief he seeks in his motion, such as a stay of the order of removal.") (Order Affirming and Adopting Magistrate Judge's Report and Recommendation) (citations omitted); *Morillo v. DHS & Bice Detention Center,* 2006 WL 1007645, at *1 (N.D.N.Y. April 17, 2006) ("[m]oreover, to the extent that Petitioner is only seeking a stay of his removal, this Court would also be without jurisdiction to address this request."); *Aime v. Department of Homeland Security*, 2005 WL 1971894, *1 (W.D.N.Y. Aug. 16, 2005) ("since petitioner challenges an order of removal within the meaning of the REAL ID Act, § 106(b) . . . this Court has no jurisdiction to review the merits of the petition or to stay the order of removal.").

Accordingly, in light of the fact that petitioner's removal has been effected and he no longer is in the custody of the Department of Homeland Security, the respondents' motion to dismiss the petition is granted and the petition is dismissed.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within sixty (60) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

IT HEREBY IS ORDERED, that the petition is dismissed; and

FURTHER, that leave to appeal as a poor person is denied.

SO ORDERED.

                                          \s\ John T. Curtin
                                             JOHN T. CURTIN
                                             United States District Judge

DATED: December 18, 2013
p:\pending\2013\13-838.2241.moot.dec13.2013